**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES CHIPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:26-cv-209** |
| | ) | |
| **CITY OF ST. CHARLES, MISSOURI,** | ) | |
| **and ST. CHARLES HOUSING** | ) | **JURY TRIAL DEMANDED** |
| **AUTHORITY** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

TO:   **THE UNITED STATES DISTRICT COURT**
      **EASTERN DISTRICT OF MISSOURI**

COMES NOW Defendant the Housing Authority of the City of St. Charles[1] ("Housing Authority"), by and through its undersigned counsel, and hereby files its Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit, St. Charles County, Missouri, to the United States District Court for the Eastern District of Missouri.  In support thereof, Defendant Housing Authority respectfully states to this honorable Court as follows:

**A.      State Court Action**

1.      Defendant Housing Authority is named as a party in a civil action brought against it by Plaintiff James Chipman (hereinafter "Plaintiff") in the Circuit Court of the Eleventh Judicial Circuit, St. Charles County, Missouri, entitled James Chipman v. City of St. Charles, Missouri and St. Charles Housing Authority, Civil Case No. 2511-CC01747 (the "Lawsuit").

---

[1] Defendant Housing Authority of the City of St. Charles was improperly identified as the "St. Charles Housing Authority" in Plaintiff's Petition

2. On January 12, 2026, a copy of a Summons and Petition in the Lawsuit was served on Defendant Housing Authority.

3. Upon information and belief, Defendant City of St. Charles was served with a copy of the Petition on January 12, 2026.

4. A true and complete copy of the documents that have been filed in the Circuit Court of the Eleventh Judicial Circuit, St. Charles County, Missouri related to this case are attached hereto as Exhibit A and constitute all process, pleadings and orders that have been served on Defendant Housing Authority in the Lawsuit.

**B.** **Jurisdiction and Basis for Removal**

5. The Lawsuit filed by Plaintiff is a civil action in which Plaintiff asserts claims against Defendant Housing Authority alleging that Defendant Housing Authority engaged in unlawful employment practices in violation of 24 C.F.R. Part 964 and §285.575 RSMo.

6. Although Defendant Housing Authority denies the allegations made in the Petition, Plaintiff has stated a federal question on the face of his Petition.

7. This Court has original jurisdiction over the above-described action on the basis of a federal question pursuant to 28 U.S.C. §1331.

8. Plaintiff's claim for Wrongful Termination in Count I is based, in part, on allegations that Defendant Housing Authority retaliated against Plaintiff for engaging in protected activity under the United States Department of Housing and Urban Development ("HUD") of regulation, 24 C.F.R. Part 964. This claim is dependent on an examination of HUD regulations and whether Plaintiff's purported actions of "advocacy, organizing and other collective action" confer employment rights or protections on Plaintiff and create a federal cause of action.

2

9.      In addition, removal is proper because Plaintiff's claim for Wrongful Termination in Count II similarly alleges that Plaintiff "engaged in protected activity under 24 C.F.R. Part 964" by "engaging in advocacy, organizing and other collective action" prior to filing complaints with the "Kansas Regional Office and St. Louis Field Office of the U.S. Department of Housing and Urban Development." (See, Petition, Count II, Par. 31(e)).  This claim is solely dependent on the interpretation of federal housing regulations and whether such regulations governing tenant participation in public housing confer employment rights or protections on Plaintiff and create a federal cause of action.  See 24 C.F.R. Part 964.

10.     Alternatively, with respect to Count II, when federal law does not supply the cause of action, a federal question authorizing removal will exist when, "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Here, Plaintiff alleges a general "wrongful termination" claim based on allegations that he engaged in "collective actions relating to employee relations, including, but not limited, discussions with co-workers about wages, hours and work assignments, circulating a petition relating to the progress of work performed, and demands and complaints relating to wages, hours and work assignments." (See, Petition, Count II, Par. 31(a), See also, Petition, Count II, Par. 31(b) – (e)).   Plaintiff's position that these actions are "protected activity" under 24 C.F.R. Part 964 raises a disputed and substantial federal issue regarding whether the cited federal regulation provides protection for actions related to "employee relations".

11.     The existence of federal-question jurisdiction typically depends on the application of the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a

federal question is presented on the face of a plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).

12.     Inasmuch as Plaintiff's Petition, on its face, is seeking recovery for alleged unlawful conduct that is based only on a federal regulation – 24 C.F.R. Part 964 – his Petition is subject to removal pursuant to 28 U.S.C. §1331.

13.     This Court has supplemental jurisdiction over any state law claims set forth in Plaintiff's Petition pursuant to 28 U.S.C. § 1367(a) inasmuch as they all arise out of the same set of facts and are part of the same case and controversy.

14.     Therefore, removal of the Lawsuit to this Court is proper pursuant to 28 U.S.C. §1441(a).

**C.     The Remaining Requirements for Removal have been Satisfied**

15.     This Notice of Removal has been filed within thirty (30) days of the service of the initial pleading on Defendant Housing Authority.

16.      This Notice of Removal is accompanied by notice to Plaintiff and a copy of the Notice of Removal is being filed with the applicable state court as required by 28 U.S.C. §1446(d).

17.     Venue lies in this Court because Plaintiff's action is pending in the Circuit Court of the Eleventh Judicial Circuit, St. Charles County, Missouri, which is within the Eastern District of Missouri and the Eastern Division. 28 U.S.C. § 1441(a).

18.     Defendant City of St. Charles, Missouri consents to the removal of Plaintiff's Petition to this Court and copy of a Notice of Consent executed by Defendant City of St. Charles, Missouri is attached as Exhibit B.

WHEREFORE, Defendant Housing Authority gives this Notice of Removal of the Lawsuit which was filed in the Circuit Court for the Eleventh Judicial Circuit, St. Charles County, Missouri.

Respectfully Submitted,


MCMAHON BERGER, P.C.,

*/s/ John J. Marino, Jr.*
John J. Marino, Jr., #58957
Blaise Beebe, #74561
2730 North Ballas Road, Suite 200
P.O. Box 31901
St. Louis, MO  63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
marino@mcmahonberger.com
beebe@mcmahonberger.com
Attorneys for Defendant
Housing Authority of the City of St. Charles

## **CERTIFICATE OF SERVICE**

I certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the following:

Joan M. Swartz
Brendan R. McDonough
Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, MO 63143
jms@jmsllc.com
bmcdonough@jmsllc.com
Attorneys for Plaintiff

AND

Ryan S. Shaughnessy
Shaughnessy Law Firm, LLC
100 N. Kingshighway Blvd.
Ste. 2310
St. Louis, MO 63108
rss@slfadvisors.com
Attorney for Plaintiff


Bryan Wise
City of St. Charles, Missouri
200 North Secon St.
Room 301
St. Charles, MO 63301
bryan.wise@stcharlescitymo.org
Assistant City Attorney


/s/ John J. Marino, Jr.

6